## S. H. AND SALLIE LAVELL V. SAM LAPOWSKI.

### No. 7463.

**Business Homestead.**—The Constitution exempts from forced sale the lot or lots used as a place to exercise the calling or business of the head of a family. When it is shown that a part of the lot or lots is occupied by the business house of the head of a family, the remaining portions of the lots are exempt from forced sale, unless it is shown that such unused part is put to some use other than that connected with the business in which the head of the family is engaged.

APPEAL from Taylor.   Tried below before Hon. T. H. CONNER.

*John Bowyer*, for appellants.—1.   When a homestead is once established it becomes a vested estate, and can not be divested of its homestead character except by sale or abandonment, or by use inconsistent with homestead character.   Hargadene v. Whitfield, 71 Texas, 482; Miller v. Menke, 56 Texas, 550; Wynne v. Hudson, 66 Texas, 1; Wright v. Straub, 64 Texas, 64; Scheuber v. Ballow, 64 Texas, 166.

2.   The erection of a business house on a lot or lots, and the use and occupation thereof for carrying on the calling or business of the head of the family, is a use of the entire lot, though but a small part of the lots may be actually covered by such building.   Miller v. Menke, 56 Texas, 550; Hargadene v. Whitfield, 71 Texas, 482; Axer v. Bassett, 63 Texas, 545; Medlenka v. Downing, 59 Texas, 39.

3.   The same rules obtain in reference to business homestead as to residence lot or lots occupied by head of the family.   The mere erection of a business house, or the intention to erect such house, with acts indicating such intention, together with the intention to use it to exercise the calling of the head of the family in, is sufficient to impress homestead character upon the whole lot or lots upon which such building is erected, or intended to be erected, and no part of said lot or lots is subject to forced sale.   Miller v. Menke, 56 Texas, 550; Hargadene v. Whitfield, 71 Texas, 482; Medlenka v. Downing, 59 Texas, 39; Scott v. Dyer, 60 Texas, 137; Gassoway v. White, 70 Texas, 475; Pryor v. Stone, 19 Texas, 372; Swearingen v. Bassett, 65 Texas, 272.

*Cockrell & Cockrell*, for appellee.—1.   In determining the character of property, as to its being homestead or not, the law will not regard artificial lines, maps, town plats, etc.   But in every instance the actual use to which the property is put is the test.   Const., art. 16, sec. 51; Hargadene v. Whitfield, 71 Texas, 482; Wynne v. Hudson, 66 Texas, 1; Shryock v. Latimer, 57 Texas, 674; Andrews v. Hagadon, 54 Texas, 571; Effinger v. Cates, 61 Texas, 590.

2.   Whether the property in controversy was part of appellants' home-

stead depends on the question as to whether they were at the time of the levying of the execution actually using it for homestead purposes or not, and the finding of the trial court that they were not is conclusive against appellants.

FISHER, JUDGE, *Section B.*—This was an action by appellants against appellee for the recovery of lots 2 and 3, in block 13, in the town of Abilene, in Taylor County, Texas, and also for lot 1, subdivision B, of Northington's addition to the said town of Abilene, Texas. The action was instituted in the District Court of Taylor County on the 6th day of August, A. D. 1888, and by amended petition filed on the 22d day of March, A. D. 1889. The appellants alleged, that they were man and wife; that the lands and lots above mentioned were the homestead of said appellants; that the defendant claimed same under and by virtue of an execution sale, under judgment and execution against S. H. Lavell, in the cause of Mahoney & Evans against S. & J. Lapowski et al., in which S. H. Lavell was impleaded in the County Court.

The suit came on for trial on the 23d day of March, A. D. 1889, and resulted in a judgment in favor of appellants for lot or subdivision B, in Northington's addition to the town of Abilene, and for 65 feet off of the west end of lots 2 and 3, in block 13, in said town, and against the said appellants, and in favor of said Lapowski, appellee, for 75 feet off of the east side of lots 2 and 3. It was agreed on the trial that the only question between the parties was as to the homestead character of the property above mentioned.

From the judgment in favor of appellee for the 75 feet of lots 2 and 3, in block 13, appellants appeal.

The lots in controversy were purchased by appellee Lapowski at execution sale on the 5th day of June, 1888. At the time of the levy upon and sale of the lots the appellants S. H. Lavell and wife were occupying block B of the town of Abilene as their residence homestead. At the time of the levy upon and sale of the lots, and before and since, the appellant S. H. Lavell was engaged in the business of selling machinery, agricultural implements, and other things, in an iron-ware house or store room situated on and across the west end of lots 1, 2, and 3, in block 13, in the town of Abilene, he at the time of the levy and sale owning lots 2 and 3, and his brother owning lot 1. At the time the business house was erected he owned lot 1, which he subsequently sold to his brother. The lots front east on Oaks Street, 25 feet each, and extend back west 140 feet to an alley. All the lots adjoin each other. The business house or store room extends entirely across the three lots, and extends from the west end of the lots east 48 feet, leaving 92 feet of the east portion of lots 2 and 3 unoccupied by the business house. Second Street bounds lot 1 on the north. The business house was put across the west end of

the three lots, and made to front north on Second Street, as a matter of convenience, and so that it would be nearer the business part of the town. There is a hotel on the east end of lot 1, that is rented and used by others, which appellant S. H. Lavell is controlling as the agent of his brother, who owns the property. That part of lots 1, 2, and 3 that is not covered by the hotel building and the business house is enclosed by a fence. The east wall of the business house in which Lavell is doing business constitutes the western line of the enclosure. The hotel, it seems, is partially within the enclosure.

The testimony of Lavell shows that he regarded the unoccupied part ·of lots 2 and 3 as a part of his business homestead, and that he had never rented the same to any one, or permitted any one to use the lots, except to grant permission to the hotel keeper to put firewood, to be used about the hotel, on the lots. He testified that he used lots 2 and 3 for piling wire thereon. He also testified that there were no openings from his store house to the east part of the lots. This is about the substance of the evidence with reference to the use of the lots.

The evidence shows that the value of the lots in controversy at the time of their designation was less than the value fixed by the Constitution.

It is contended by appellee, that the evidence justifies the judgment, because it appears that only the west end of the lots was occupied by the business house of appellant, and that the east portion was not occupied or used in connection with the business place, and was in an enclosure with the hotel, and in connection therewith, and that such enclosure separated it from the business house.

Upon the other hand, appellants contend that an occupancy and use of a part of the lots for business homestead exempts the entire lots from forced sale; and further, that the evidence shows a use in connection with the business of that part of the lots not covered by the business house.

Other questions are presented under the assignments of errors, but we will dispose of the case under the propositions as above stated. The Constitution exempts from forced sale the lot or lots used as a place to exercise the calling or business of the head of the family. When it is shown that a part of the lots is occupied by the business house of the head of the family, we think the remaining portion of the lots is exempt from forced sale, unless it is shown that it is put to some use other than that connected with the business in which the head of the family is engaged. If the unoccupied part of the lots is used for a purpose foreign to that in which the head of the family is engaged, we are of opinion such unoccupied portion is not exempt, and is subject to force sale. Hargadene v. Whitfield, 71 Texas, 489. Without entering into a discussion of the evidence, we think it does not appear that the part of the lots not covered by the business house were put to a use foreign to that in which Lavell was engaged. But upon the contrary, using the lots for the purpose of piling wire

thereon tends to show that they were used in connection with the business in which Lavell was engaged.

We will not further discuss the evidence, but leave its effect to be determined in another trial. We conclude that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 7, 1892.